**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>                    Plaintiff,<br><br>v.<br><br>VINCENT LIVINGSTON,<br><br>                    Defendant. | Criminal Action No.: 15-cr-627<br><br>**MEMORANDUM OPINION AND ORDER** |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is Defendant Vincent Livingston's ("Defendant") appeal from the Order of Magistrate Judge Steven C. Mannion, denying Defendant's motion for reconsideration of Judge Mannion's previous order of pretrial detention and denial of bail. (ECF No. 105.) The Government opposed this motion on February 2, 2016. (ECF No. 106.) The Court has considered the submissions of the parties and the pretrial services report. The Court has also considered the arguments made on the record during oral argument held on March 2, 2016. For the reasons set forth below, the Court denies Defendant's appeal and affirms the decision of Judge Mannion.

## II. BACKGROUND

On May 18, 2015, a complaint was filed against Defendant alleging a conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. (ECF No. 1.) On June 25, 2015, Defendant was arrested and had his initial appearance before Magistrate Judge James B. Clark. (ECF No. 39.) At that time, initial counsel was appointed and Defendant consented to detention with a right to make a bail application at a later time and was ordered to temporary detention. (ECF Nos. 39, 41, 42.)

1

On July 17, 2015, Defendant appeared before Magistrate Judge Steven C. Mannion for a detention hearing. (ECF No. 49.) Judge Mannion detained Defendant on the grounds of risk of flight and danger to the community, citing Defendant's repeated attempts to evade and elude law enforcement. (ECF No. 50; see also July 17, 2015 Transcript of Bail Hearing ("Bail Tr."), ECF No. 86, at 19:21-23.) On September 23, 2015, initial counsel withdrew and new counsel was appointed to represent Defendant. (ECF No. 80.) On December 7, 2015, Defendant moved for reconsideration of Judge Mannion's order of pretrial detention and the denial of bail. (ECF No. 95.) On December 16, 2015, the Government opposed the motion. (ECF No. 96.)

On December 14, 2015, a federal grand jury returned a one-count indictment charging Defendant with knowingly conspiring and agreeing with others to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. (ECF No. 97.) On January 8, 2016, Defendant was arraigned before Magistrate Judge Mark Falk and entered a plea of not guilty. (ECF No. 99.) At that time, Judge Falk declined to opine on the motion for reconsideration, finding it more appropriate for Judge Mannion to decide the motion. (ECF No. 103.) On January 19, 2016, Judge Mannion heard oral argument on Defendant's motion for reconsideration. (ECF No. 101.) Judge Mannion denied Defendant's motion, again finding that detention was warranted on the grounds of risk of flight and danger to the community. (ECF No. 102; see also January 19, 2016 Transcript of Motion for Reconsideration ("Reconsideration Tr."), ECF No. 108 at 46:14-25.) This appeal followed.

### III. DISCUSSION

#### A. Standard of Review

A district judge reviews a magistrate judge's decision regarding bail de novo. See United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985). While the district court may find it useful

to consider the decision and reasoning of the magistrate judge, the Court must make an independent determination regarding a defendant's eligibility for release on bail. Id.

### B. The Bail Reform Act

#### 1. Applicable Law

The release or detention of a defendant pending trial is governed by the Bail Reform Act, 18 U.S.C. § 3142. This carefully structured system "seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered." See United States v. Gibson, 481 F. Supp. 2d 419, 421 (W.D. Pa. 2007) (citing United States v. Lemos, 876 F. Supp. 58, 59 (D.N.J. 1995)). Subsection (c) is titled "Release on conditions." 18 U.S.C. § 3142(c). If the judicial officer finds that a defendant's release on personal recognizance or unsecured appearance bond will not reasonably assure defendant's appearance at trial or will endanger the safety of the community, the officer may order defendant's release subject to a condition or combination of conditions. Id. If, however, the officer finds that no condition or combination of conditions will reasonably assure defendant's appearance at trial and the safety of the community, the officer may order a defendant be detained without bail pending trial. Id. § 3142(e).

Section 3142(e) of the Bail Reform Act provides:

> Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).

18 U.S.C. § 3142(e)(3)(A). Thus, with crimes for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act (such as the one here), the government is entitled to a presumption of nonappearance and dangerousness. United States v.

3

Suppa, 799 F.2d 115, 117-19 (3d Cir. 1986). The defendant may rebut this presumption by presenting "some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). If the defendant meets this burden of production, the burden shifts back to the government to prove a risk of flight by a preponderance of the evidence, United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986), and dangerousness to the community by clear and convincing evidence, 18 U.S.C. § 3142(f).

Section 3142(g) specifies four factors that a judicial officer must consider to determine whether pretrial detention is warranted. These factors are: (1) the nature and circumstances of the offense charged; (2) the weight of evidence against the defendant; (3) the history and characteristics of the defendant, including his family ties, employment record, financial resources, community ties, history of drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the offense or arrest he was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. Id. § 3142(g).

### 2. Application

Because the grand jury found probable cause to indict Defendant for an offense that carries a maximum term of imprisonment of ten years or more under the Controlled Substances Act, the Court must presume Defendant is both unlikely to appear at trial and a danger to the community. See Suppa, 799 F.2d at 117-19 (holding an indictment for a crime which carries a maximum term of imprisonment of ten years or more under the Controlled Substances Act is sufficient to support a finding of probable cause, triggering the rebuttable presumption of dangerousness under the Bail Reform Act, that no conditions of release will assure the safety of the community or the

defendant's appearance at trial). To rebut this presumption, Defendant looks to the § 3142(g) factors that the Court must consider to determine whether pretrial detention is warranted. The Court will examine each factor in turn.

### i. Nature and Circumstances of Offense Charged

The first factor supports a finding that no condition or combination of conditions exist that will reasonably assure Defendant's appearance at trial or the safety of the community. The Court notes Defendant was indicted for a serious drug offense. This offense carries a statutory mandatory minimum term of imprisonment of ten years and a maximum term of life.

The circumstances under which the charge arose further support a finding of nonappearance, as they show Defendants' efforts to avoid arrest. See United States v. Abdullahu, 488 F. Supp. 2d 433, 439 (D.N.J. 2007) (stating that a factor courts typically look at to assess a defendant's risk of flight is the defendant's efforts to avoid arrest). Here, the Government offers evidence that on at least three separate occasions—June 21, 2013, July 23, 2014, and June 25, 2015—Defendant attempted to flee from police. After the first instance, law enforcement intercepted telephone communications between Defendant and his co-conspirators where Defendant acknowledged he fled from police and had no intention of surrendering to law enforcement. The intercepted phone calls showed Defendant intended to retrieve a quantity of crack-cocaine he had discarded during a police chase. Other intercepted phone calls revealed Defendant alerted his coconspirators on several occasions when law enforcement was present in the area where drug transactions were conducted.

The Government also proffered evidence that on July 23, 2014, Drug Enforcement Agency ("DEA") agents attempted to stop Defendant as he departed the scene of a crack-cocaine transaction. The agents activated their lights and sirens but Defendant did not stop until he was

forced to stop because he had reached a high-traffic area. Although Defendant was not arrested at that time, he was found in possession of crack-cocaine. On or about July 30, 2014, Defendant was again stopped and found possessing crack-cocaine.

### ii. Weight of the Evidence

The second factor also supports a finding that no condition or combination of conditions exist that will reasonably assure Defendant's appearance at trial or the safety of the community. This Court notes Defendant is entitled to the presumption of innocence and this Court is not judging Defendant's guilt or innocence. See 18 U.S.C. § 3142(j). Nevertheless, the government has proffered substantial evidence in support of its charge. This evidence includes numerous inculpatory wiretap calls and at least two separate seizures of crack-cocaine from Defendant. This factor, which looks at evidence in connection with a drug crime, weighs in favor of finding nonappearance and dangerousness.

### iii. History and Characteristics of the Defendant

The third factor similarly supports a finding that no condition or combination of conditions exist that will reasonably assure Defendant's appearance at trial or the safety of the community. Defendant is forty-nine years old and lives with his fiancé and two children in East Orange, New Jersey. Defendant reports that he has been unemployed for the last three months and is being supported by his fiancé. Prior to his unemployment, he worked as a taxicab driver and earned approximately $300 a week. Defendant offers two individuals willing to serve as sureties in the event he is granted release on bond. Defendant argues he does not present a danger to the community and he will not flee because of family ties, limited resources, and limited opportunities to flee. Defendant's arguments, however, are belied by his extensive criminal history which weighs in favor of finding both nonappearance and dangerousness.

The Court addressed Defendant's extensive criminal history at the March 2, 2016 hearing. Defendant has at least four felony convictions. Defendant's first conviction was for robbery, for which Defendant was sentenced to five years' probation. While Defendant was on probation, he was convicted of his second felony, for manslaughter and unlawful possession of a weapon. For this second conviction, Defendant was sentenced to ten years' imprisonment. Defendant's third conviction was for possession of a controlled dangerous substance, for which Defendant was sentenced to three years' probation. Defendant's fourth conviction was for manufacturing or distributing a controlled dangerous substance. On this fourth conviction, Defendant was sentenced to three years' probation, which began April 13, 2015. Defendant was arrested on the present charge on June 25, 2015.

Defendant has at least two misdemeanor convictions. The first conviction was for loitering for the purpose of obtaining a controlled dangerous substance. Defendant was sentenced to one year's probation. The second conviction was for selling mislabeled commodities and Defendant was required to pay a fine.

Defendant has been arrested numerous other times, including for drug charges, robbery charges, and weapons charges. At the May 2, 2016 hearing, the Government noted Defendant's May 23, 2011 arrest for robbery. Defendant's numerous arrests and convictions as well as his efforts to avoid apprehension, weigh in favor of finding nonappearance and dangerousness.

        iv.    <u>Nature and Seriousness of the Danger to Any Person or the Community</u>

The fourth factor also supports a finding that no condition or combination of conditions exist that will reasonably assure the safety of the community. In 1985, while on probation for his robbery conviction, Defendant was convicted of and sentenced to ten years imprisonment for manslaughter. Although this conviction is dated, it shows Defendant has committed serious,

7

violent crimes while he was under supervision.

Defendant argues that no weapons or violence were used in this crime or in his more recent crimes and, therefore, he is not a danger to the community. Defendant, however, has been charged with crimes involving weapons numerous times in the past. Moreover, distributing crack-cocaine to the community puts the community in danger. United States v. Strong, 775 F.2d 504, 506 (3d Cir. 1985) ("Congress intended to equate drug trafficking with danger to the community.").

Defendant also submits letters of support from his family and friends. Regardless of whether these individuals were aware of Defendant's criminal conduct, the Court is not persuaded by these individuals' assurances that Defendant is not a danger to the community, given Defendant's repeated involvement in criminal activity. As such, because of Defendant's history of recidivism with respect to crimes imperiling the community, this factor weighs in favor of finding dangerousness.

      v.    Summary

After reviewing the totality of the evidence, the Government has proven by a preponderance of the evidence that no condition or combination of conditions exist that will reasonably assure Defendant's appearance at trial. The Government has offered evidence of three instances of flight and multiple instances of evading the efforts of law enforcement. Further, given that Defendant is charged with a serious drug charge that concerned over 280 grams of crack-cocaine, Defendant faces a mandatory minimum term of imprisonment of ten years if convicted. All of these factors weigh in favor of finding nonappearance.

Moreover, the Government has proven by clear and convincing evidence that no condition or combination of conditions exist that will reasonably assure the safety of the community. Defendant's track record of criminal conduct is overwhelming. Defendant has been

arrested numerous times for drug offenses and robbery charges. Defendant was convicted of manslaughter in 1987 while on probation for a robbery conviction. In addition, Defendant's recorded conversations show that he has intentionally fled from the police. In sum, this Court believes Defendant will have the same motive and propensity to engage in dangerous, illegal activity as he had before his arrest.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that detention is appropriate, denies Defendant's appeal, and affirms the decision of Judge Mannion.

Accordingly, **IT IS** on this ____30____ day of ____March____, 2016

**ORDERED** Defendant's appeal of Judge Mannion's January 19, 2016 order denying Defendant's motion for reconsideration of Judge Mannion's previous order of pretrial detention and the denial of bail (ECF No. 102) is **DENIED**; and it is further

**ORDERED** Defendant shall be detained pending trial.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.